IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

LANDON C. LANE, a citizen and
resident of 299 Brown Crest Road,
LaFollette, Campbell County,
Tennessee 37766,

            Plaintiff,

v.                                                 No. _____
                                                  Jury Requested

THE CITY OF LAFOLLETTE,
TENNESSEE, a governmental
entity located at 255 South
Tennessee Avenue, LaFollette,
Campbell County, Tennessee 37766,
CLIFF JENNINGS, MAYOR, in his
individual and official capacities,
255 South Tennessee Avenue, LaFollette,
Campbell County, Tennessee 37766,
ROBERT FANNON, CITY COUNCILMAN,
in his individual and official capacities,
122 Eveningside Park, LaFollette, Campbell
County, Tennessee 37766,and
HANSFORD HATMAKER, CITY
COUNCILMAN, in his individual and
official capacities, 311 West First Street,
LaFollette, Campbell County,
Tennessee 37766,

            Defendants.

## COMPLAINT

        Comes the Plaintiff, Landon C. Lane, and would respectfully show unto this Honorable Court as follows:

## I. INTRODUCTION

1. This action arises as a result of the unlawful termination of the Director of Recreation for the City of LaFollette, Tennessee on January 4, 2005.

## II. JURISDICTION

2. This is a complaint for deprivation of civil rights under color of state authority. Jurisdiction is conferred on this Court by 28 U.S.C.A. §1331, §1343 and 42 U.S.C.A. §1983.

## III. VENUE

3. Venue is proper in the Eastern Division of the United States District Court pursuant to 28 U.S.C.A. §1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in the City of LaFollette, Tennessee.

## IV. PARTIES

4. Plaintiff, Landon C. Lane, is a citizen and resident of the City of LaFollette, Tennessee, and was hired as the Director of Recreation for the City of LaFollette, Tennessee on August 5, 2003. The Defendant, the City of LaFollette, Tennessee, is a governmental entity organized under the laws of the State of Tennessee, the Defendant, Cliff Jennings, is the mayor of the City of LaFollette, Tennessee, and is named in this action in his individual and official capacities, the Defendant, Robert Fannon, is a city councilman for the City of LaFollette, Tennessee, and is named in this action in his individual and official capacities, and the Defendant, Hansford Hatmaker, is a city councilman for the City of LaFollette, Tennessee, and is named in this action in his individual and official capacities.

## V. STATEMENT OF FACTS

5. On August 5, 2003, the City of LaFollette, Tennessee, hired the Plaintiff, Landon C. Lane, as the Director of Recreation for the City of LaFollette, Tennessee. At the time of Plaintiff's hire, Article VI, Section 1 of the Charter for the City of LaFollette, Tennessee read as follows in relevant part:

> All offices shall be elected with due regard to their qualifications and fitness and for the good of the public service, and without reference to race, age, color, creed, sex, or political party affiliation. It shall be unlawful for any candidate for office or any candidate for appointed office to give or promise any person, either directly or indirectly, any office, position, employment, benefit, or anything of value for the purpose of influence or obtaining the political support, aid, or vote of any person.

6. At the time the Plaintiff was hired, the mayor for the City of LaFollette, Tennessee, was Lucy Lobertini who was campaigning for re-election in November of 2004. In the November 2004 election, the Defendant, Cliff Jennings, campaigned against Lucy Lobertini for mayor of LaFollette, Tennessee. In the November 2004, mayoral election, the Plaintiff, Landon C. Lane, supported Lucy Lobertini during his personal time away from acting as the Director of the Recreation Department for the City of LaFollette, Tennessee. During the November 2004, mayoral campaign and election, the Defendant, Cliff Jennings, made threats to the Plaintiff, Landon C. Lane, to immediately cease supporting Lucy Lobertini in the mayoral campaign and election or he would be removed from his position as the Director of the Recreation Department for the City of LaFollette, Tennessee if Cliff Jennings was successful in his mayoral campaign.

7. On November 2, 2004, Cliff Jennings successfully defeated Lucy Lobertini in the mayoral election for the City of LaFollette, Tennessee.

8. On January 4, 2005, the Defendants unlawfully conspired to illegally retaliate against and discriminate against Plaintiff and unlawfully voted to terminate the Plaintiff from his position as the Director of Recreation for the City of LaFollette, Tennessee, due to his political beliefs and association and appointed Johnny Byrge, who had less education and experience than the Plaintiff, as the new city recreation director.

9. Plaintiff, Landon C. Lane, satisfactorily performed his duties as the Recreation Director for the City of LaFollette, Tennessee.

## VI.  FIRST CAUSE OF ACTION – 42 U.S.C.A. §1983

10. Defendants, in their official capacities, both individually and collectively, acting under the color of state authority, deprived Plaintiff, Landon C. Lane, of his rights, privileges, and immunities secured by the Constitution of the United States, including, but not limited to, his property interest in his position as the Director of Recreation for the City of LaFollette, Tennessee, and violation of the Fourteenth Amendment to the United States Constitution.  (U.S. Const. Amend. XIV).

11. As the Director of Recreation for the City of LaFollette, Tennessee, the Plaintiff, Landon C. Lane, had a property interest in his continued employment in that position because under the terms of the LaFollette, Tennessee Charter and Personnel Policies, the Plaintiff, Landon C. Lane, could not be removed from his position because of his political opinions or political affiliations.

12. On January 4, 2005, the Defendants in their official capacities, both individually and collectively, acting under color of state authority, unlawfully terminated

the Plaintiff, Landon C. Lane, as the Director of Recreation for the City of LaFollette, Tennessee, without due process of law.

### VII. SECOND CAUSE OF ACTION – 42 U.S.C.A §1983 THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

13. The Defendants, in their official capacities, both individually and collectively, acting under color of state authority, deprived the Plaintiff, Landon C. Lane, of his rights, privileges, and immunities secured by the Constitution of the United States, including, but not limited to, the equal protection of laws as secured by the Fourteenth Amendment to the United States Constitution. (U.S. Const. Amend. XIV). On January 4, 2005, the Defendants, in their official capacities, both individually and collectively, acting under color of state authority, removed Plaintiff, Landon C. Lane, from his position as Director of Recreation for the City of LaFollette, Tennessee due to his political affiliation in the November 2004, mayoral election for LaFollette, Tennessee.

### VIII. THIRD CAUSE OF ACTION – ARTICLE I, SECTIONS 8 AND 9 OF THE TENNESSEE STATE CONSITUTION

14. The Defendants' retaliatory termination of the Plaintiff, Landon C. Lane, violated and continues to violate his rights to the due process of law guaranteed by Article I, Sections 8 and 9 of the Tennessee State Constitution.

### IX. FOURTH CAUSE OF ACTION – 42 U.S.C.A. §1983 FREEDOM OF SPEECH – FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

15. The Defendants' retaliatory termination of the Plaintiff, Landon C. Lane, violated and continues to violate his rights to freedom of speech and association that is guaranteed by the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C.A. §1983.

## X. FIFTH CAUSE OF ACTION – ARTICLE I, SECTION 19 OF THE TENNESSEE STATE CONSTITUTION

16. The Defendants' retaliatory termination of the Plaintiff, Landon C. Lane, violated and continues to violate his rights to freedom of speech and association that is guaranteed by Article I, Section 19 of the Tennessee State Constitution.

17. The acts and omissions described above are the legal and proximate cause of the injury suffered by the Plaintiff.

WHEREFORE, the Plaintiff, Landon C. Lane, requests that this Court:

1. Assume jurisdiction over this action;

2. Award Plaintiff compensatory damages in the amount of $1,500,000.00;

3. Award the Plaintiff punitive damages in the amount of $3,000,000.00;

4. Grant Plaintiff's costs and reasonable attorneys' fees pursuant to 42 U.S.C.A. §1988; and

5. Grant such other relief as this Court deems just and proper.

On this the ____ day of March, 2005.

    /s J. Timothy Bobo/with permission
Landon C. Lane, Plaintiff


By:   /s J. Timothy Bobo
J. Timothy Bobo
Attorney for Plaintiff

RIDENOUR & RIDENOUR
108 South Main Street
Post Office Box 530
Clinton, Tennessee  37717-0530
(865) 457-0755
BPR No.  017263

## C O S T   B O N D

We hereby acknowledge ourselves as sureties for the costs of this cause for all costs, taxes and damages, in accordance with T.C.A. §20-12-120.

      /s  J. Timothy Bobo/with permission
    Landon C. Lane, Plaintiff

By:    /s J. Timothy Bobo
        J. Timothy Bobo
        Attorney at Law